UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOSHUA ANGEL FLORES,

        Plaintiff,

   v.                                        CAUSE NO. 3:22-CV-329-DRL-MGG

OSTERDAY,

        Defendant.

OPINION AND ORDER

Joshua Angel Flores, a prisoner without a lawyer, filed a complaint against Judge Osterday. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In his complaint, Mr. Flores asserts that in 2018, Judge Osterday violated his constitutional right to a fast and speedy trial. ECF 1 at 2. He states that on August 10, 2018, he filed a grievance about the constitutional violation. *Id*. In addition to failing to afford him a fast and speedy trial, he asserts Judge Osterday did not give him credit for a class he completed and did not respond to his motions. *Id*. Mr. Flores further alleges

that Judge Osterday treated him differently, discriminated against him, and subjected him to unusual punishment. *Id.*

Under 42 U.S.C. § 1983, Mr. Flores cannot sue Judge Osterday. She is immune from suit because "[a] judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, [s]he will be subject to liability only when [s]he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Because the doctrine of judicial immunity applies, Mr. Flores cannot proceed against Judge Osterday.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED.

May 6, 2022                                *s/ Damon R. Leichty*
                                                                 Judge, United States District Court